FIELD, P.,
delivered the opinion of the court as follows:
I have examined the record in this case, and considered all the questions presented in the seven bills of exceptions last taken by the defendant. In reference to the first ■six of these exceptions, I concur in opinion with the Circuit Court, and need say no more about them.
*The question arising upon the seventh exception, is the only question about which there can be any serious difficulty. It is the one taken to the opinion of the court, in over-ruling the defendant’s motion for a new trial. The suit was brought by the first endorsee of a protested bill of exchange, to recover the amount of the bill of the payee, he having endorsed the bill to the plaintiff. The defendant resisted the claim, upon the ground that due notice of the dishonor of the bill had not been given to him, nor proper diligence used to give him such notice.
The bill was drawn at Lynchburg on the 18th February, 1842, by S. H. Davis, in favor of Joab Early, upon Samuel S. Saunders of Richmond, for $2,000, payable six months after date. It was accepted by Saunders. Early endorsed the bill in blank to Pleasant Preston, who, for the purpose of having it collected, endorsed his name on it, and placed the bill in the hands of A. Tompkins, Cashier of the Farmers’ Bank at Lynchburg, who endorsed and sent the bill to J. G. Blair, Cashier of the Farmers’ Bank at Richmond. The six months after the date of the bill expired on Thursday, the 18th of August. The three days of grace would have made the day of payment on the 21st of August; but that day being Sunday, the bill was due and payable on Saturday, the 20th of August. On that day it was duly protested for nonpayment ; written notices of the dishonor of the bill were prepared for Davis, Early, and Preston, respectively, enclosed in a letter directed to A. Tompkins, Lynchburg, and placed in the post-office at Richmond on the same day. On what day the mail containing this letter left Richmond, or when it arrived at Lynchburg, does not appear from the evidence; nor does it appear at what precise time the notices were placed in the post-office at Lynchburg, nor when the mail, that carried them away, left Lynchburg. It is proved by John W. Dudley, an officer of the bank at Lynch-burg, that a letter containing the notice for Early, and another containing the notice for *Preston, were put in the post-office at Lynchburg by him, by the directions of Tompkins. This witness further testified, that he did not know on what day the protest and notices were received by Tompkins from Richmond; nor did he remember the day on which Tompkins handed the letters above mentioned to him. The custom of the bank was, to forward immediately after reception, all such *539 notices by mail. He put both letters in the office at the fame time, and on the same day that they were handed to him by Tompkins. The letter to Preston was received by him, and has been filed as evidence in the cause. The post-mark on that letter is, ! ‘Lynchburg-, 25th August.” This was on the Thursday next following the protest of the bill. The post-mark is not evidence per se that the letter was deposited in the office on that day; it is prima facie evidence that it was mailed on that day. Byles on Bills, 325, note 1. To entitle the plaintiff to recover of Early, it is incumbent on him to shew that Early had received due notice of the dishonor of the bill, or that due diligence had been used to give him such notice. The onus probandi devolved on the plaintiff. Upon the protest of the bill in Richmond, Blair, the holder, could have fixed the liability of all parties, bj' sending a notice of the dishonor of the bill directly from Richmond on the next day after the protest was made, if the mail went out on that day; and if it did not, then by the first mail that did leave after the day of protest. But if he did not choose to do this, it was sufficient for him to give the notice to Tompkins, his immediate endorser, and thereby devolve upon him the duty of giving further notice. When Tompkins received the notice, it was incumbent on him to give further notice, either to the parties, or to his endorser, Preston; and he was entitled to one day for the purpose, or until the next mail, if the mail did not leave upon the day next following his reception of the notice. It does not appear, as above remarked, on what day the letter and notices reached Eynchburg, and were received by Tompkins; *nor on what day the letters to Preston and Early were deposited in the post-office at Eynchburg. In the absence of proof to the contrary, Early has a right to insist that Tompkins received the notice on Monday, the 22d August, and deferred putting the letter in the post-office for Early, until Thursday, the third day after he received the notice of protest from ] Richmond. ]
It is not pretended, that Preston gave notice of the dishonor of the bill to Early, or attempted to give it; his right to recover is predicated upon the diligence used by Tompkins to give the notice, upon the principle, I suppose, that a notice from an intermediate party may in pleading be described as a notice from the plaintiff. Newen v. Gill, 8 C. & P. 367; 34 Eng. Com. Law, 432. Whether Tompkins used due diligence or not in his effort to give notice to Early, is a question of law, to be decided by the court upon the facts and evidence in the record, without any regard to the finding of the jury. If there be doubts upon the evidence or difficulties in making proper deductions from it, they are not to be removed or explained by the verdict of the jury, but must be solved by the court as if the jury had not passed on them, and if there be any defects in the plaintiff’s proof, the consequence of such defects must be borne by the plaintiff, upon whom the onus probandi, upon the question of due diligence, rests exclusively. The evidence in the cause show's that the bill was protested on Saturday, the 20th of August; and that a letter containing the notice of the dishonor of the bill, was put in the post-office at Richmond on the same day. The letter was directed to Tompkins at Eynchburg, one hundred and twenty miles distant; and on Thursday, the 25th day of August, (four days thereafter, besides Sunda3',) the notice to Early is in the post-office at Eynchburg. It was the duty of Tompkins, to put that notice in the post-office at Eynchburg, the day after he. received it, or in time to go by the first post that went from Eynchburg, after the day upon which he received the letter from Richmond. If he received the notice *on Saturday, he should have put the notice for Early in the post-office on Monday; if he received it on Sunday or Monday (as the fact probably was), the notice to Early should have been put in the post-office on Tuesday. If he received it on Tuesday, the notice should have been put in the post-office on Wednesday, and so on. Whether he has performed this duty or not, we cannot say, because the plaintiff has failed to show the time when Tompkins received the notice from Richmond; when the notice for Early was put in the office at Eynchburg, and when the mail left Eynchburg. On these points there is an entire failure of proof; for the want of which, the verdict was wrong, and should have been set aside, and a new trial granted.
I have examined all the counts in the declaration, upon which the cause was tried. They all appear to be good, except the third count of the last amended declaration. That count is defective in not averring a demand of payment; as to which the demurrer, instead of being over-ruled, should have been sustained. If this were the only error in the record, I should not be for reversing the judgment, for the reason assigned by Mr. Robinson in his argument; but as the judgment is to be reversed, it is proper to direct the correction of this error.
The judgment is to be reversed with costs, and the cause to be remanded for a new trial, to be had on the usual terms, with directions to the Circuit Court to sustain the defendant’s demurrer to the third count of the amended declaration.